## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Paul Payen,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>Hon. Warden B.R. Jett, et al.,<br><br>　　　　　　　　Respondents. | Case No. 15-cv-0122 (JRT/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

　　This matter is before the undersigned United States Magistrate Judge on petitioner Paul Payen's petition for a writ of habeas corpus, brought under 28 U.S.C. § 2241. [Doc. No. 1.] The petition has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of Payen's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Based on that review, this Court recommends dismissal of Payen's petition.

　　In 1994, Payen was civilly committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246. *See United States v. Payen,* No. 94-CV-0224 (DSD/FEB) (D. Minn. filed Mar. 7, 1994). Section 4246 allows for the civil commitment of a person

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although Payen seeks relief under 28 U.S.C. § 2241, the Rules Governing Section 2254 Cases nevertheless apply here. *See* Rule 1(b).

in the custody of the Federal Bureau of Prisons, whose custody is otherwise soon scheduled to expire, but who suffers "from a mental disease or defect as a result of which his release [from custody] would create a substantial risk of bodily injury to another person or serious damage to property of another . . . ." 18 U.S.C. § 4246(a). Payen was conditionally released in 1999, but was recommitted in 2009 after violating the conditions of his release. *Id.* Payen has remained civilly committed since 2009 and is currently detained at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). On January 20, 2015, Payen filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. That petition is now under consideration by this Court.

Payen's petition for habeas corpus relief is, to say the least, difficult to follow. A good deal of the petition and accompanying documents consist of photocopies of books or magazine articles, none of which appear relevant to any possible claims under § 2241. Much of the remainder of the petition, presumably written by Payen himself, is nearly incomprehensible. Among the respondents listed in Payen's petition are "Aliens (Demons and Devils and U.F.O.'s) (Some Good and Some Evil)," "Reptoids and Reptillians of the Lower Fourth Demension," and the "New World Order of Satan" [sic throughout]. (Pet. at 1 [Doc. No. 1].) That said, it is clear that Payen regards his detention at FMC-Rochester as illegal.

Payen's petition can fairly be interpreted as raising two claims against his ongoing civil detention.[2] The first claim raised by Payen is that the civil commitment procedures

---

[2] Payen also suggests that he is challenging the *conditions* of his confinement at FMC-Rochester with respect to the administration of psychotropic drugs. To the extent that he

set forth in 18 U.S.C. §§ 4246 and 4247 are *per se* unconstitutional.  In other words, Payen alleges that no court ever had the lawful authority to commit him to the custody of the United States Attorney General, and that his civil commitment therefore has been illegal from the very beginning, due to the operation of myriad constitutional provisions.  This claim, however, is squarely foreclosed by the case law of this circuit.  *See Archuleta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004) (citing *Phelps v. United States*, 831 F.2d 897, 898 (9th Cir. 1987)).  "The statutory procedure and substantive standard [for civil commitment] are clearly constitutional." *Id.*

The second claim raised by Payen is that, even if the *initial* decision to detain him was lawful, there is no lawful basis to *continue* detaining him at FMC-Rochester.  Habeas corpus, however, "is an extraordinary remedy typically available only when 'the petitioner has no other remedy.'" *Archuleta*, 365 F.3d at 648 (quoting *Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir. 2002)).  The statutes under which Payen was committed provide a procedure for a person in Payen's situation to seek release from his detention.  Specifically, "counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such

---

is attempting to raise such a challenge, such a claim is not cognizable in a habeas petition, but must be brought instead in a civil rights action.  *See Spencer v. Haynes*, 774 F.3d 467, 470-71 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996); *Taylor v. Roal*, No. 10-CV-3588 (PJS/JJG), 2010 WL 4628634, at *5 (D. Minn. Nov. 5, 2010).  Moreover, the allegations in Payen's petition regarding the administration of drugs are simply too incomprehensible to constitute a viable claim at this time.  This Court therefore recommends that any such civil "claims" raised in Payen's habeas petition be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

facility . . . ." 18 U.S.C. § 4247(h). This alternative statutory remedy, which remains available to Payen, precludes habeas relief in this case. *See Archuleta*, 365 F.3d at 648-49.

Because it plainly appears from Payen's habeas corpus petition that he is not entitled to relief, this Court recommends that his petition be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Accordingly, based on all the files, records, and proceedings herein **IT IS HEREBY RECOMMENDED** that:

1. Petitioner Paul Payen's petition for a writ of habeas corpus [Doc. No. 1] be **DENIED**.

2. Payen's application to proceed *in forma pauperis* [Doc. No. 2] be **DENIED**.

3. This action be **DISMISSED**.

Dated: February 2, 2015         s/ *Hildy Bowbeer*
                                HILDY BOWBEER
                                United States Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 20, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.