# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Paul Payen, | Case No. 15-cv-0122 (JRT/HB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Hon. Warden Mr. B.R. Jett; Hon. Loretta E. Lynch (U.S. Attorneys and Assistant U.S. Attorneys–A.U.S.A.'s–Hon. Charles Samuels Over the Entire FBOP); United States of America; Aliens (Demons and Devils and U.F.O.'s) (Some Good and Some Evil); Area #51; Prophet Ezekiel's Wheel-Wheel with Rotating Lights Around it in Holy Bible-etc.; Reptoids and Reptillians of the Lower Fourth Dimension; New World Order of Satan–# 666; Trilateral Commission & Council on Foreign Relations; and Fall of Satanic–Same Sex Marriages, | |
| Respondents.[1] | |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the undersigned United States Magistrate Judge on Petitioner

Paul Payen's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241

---

[1]  Payen's sole remaining claim is a habeas claim brought pursuant to 28 U.S.C. § 2241 "for which the warden would be the proper respondent[,] challenging his continued confinement and seeking a hearing on that basis." *Payen v. Jett*, 610 F. App'x 594, 595-96 (8th Cir. 2015).  Accordingly, all Respondents other than the warden should be dismissed.  The current warden at the Federal Medical Center in Rochester, Minnesota, is Leann LaRiva, and she should be substituted automatically for the remaining Respondent, B.R. Jett, pursuant to Federal Rule of Civil Procedure 25(d).

[Doc. No. 1].  The petition has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons set forth below, the Court recommends that the petition be denied.

## I.     Procedural History

### A.     Commitment Proceedings

In 1994, Payen was committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246.  *See United States v. Payen,* No. 94-cv-0224 (DSD/FEB) (D. Minn. filed Mar. 7, 1994) ("*Payen I*").  Section 4246 allows for the civil commitment of a person in the custody of the Federal Bureau of Prisons, whose custody is otherwise scheduled to expire, but who suffers "from a mental disease or defect as a result of which his release [from custody] would create a substantial risk of bodily injury to another person or serious damage to property of another . . . ."  18 U.S.C. § 4246(a).

Payen was conditionally released from that commitment in 1999, pursuant to § 4246(e), with the conditions that he take prescribed medication, submit to blood tests, "and participate in all mental health treatment and education ordered by his treating psychiatrist in the community."  *See* Order at 1-2, *Payen I* (Aug. 11, 2009), ECF No. 20. The United States Probation Office was charged with supervising Payen and approving any changes in his mental health service providers or residence.  *Id.* at 2.  Before Payen could be completely discharged from mental health treatment, his treating physician or probation officer was required to notify the § 4246 court so that the court could review Payen's conditions of release beforehand.  *Id.*

In 2008, Payen rescinded an authorization for the release of his medical information to his probation officer and absconded from supervision. *Id.* at 2-3. The § 4246 court issued a warrant for Payen's arrest, and at a subsequent hearing to determine whether his conditional release should be revoked, Payen admitted to a violation of his conditional release. *Id.* at 3. The § 4246 court determined that Payen's "failure to allow the release of his medical records to his Probation Officer and his failure to stay in contact with his Probation Officer violated the terms of his Conditional Release." *Id.* Pursuant to 18 U.S.C. § 4246(f), Payen was remanded to the custody of the Attorney General "for confinement in a suitable facility for an additional study to determine if his continued release from confinement would create a substantial risk of bodily injury to another person or serious damage to the property of another." Order at 3, *Payen I* (Aug. 11, 2009), ECF No. 20.

The subsequent evaluation by the Attorney General concluded that Payen suffered from a major mental disease or defect and that he would continue to pose a substantial risk of bodily injury or serious property damage to others if he were unconditionally released from custody. (Boldt Decl. Attach. 13 [Doc. No. 26].) This evaluation was provided to the § 4246 court on October 27, 2009. (*Id.*); *see* Order at 2, *Payen I* (May 10, 2010), ECF No. 21. Upon review of the report, the § 4246 court ordered that:

> 1) the Attorney General conduct an assessment of the continuing need for inpatient treatment as required by 18 U.S.C. 4246 & 4247 to determine if Mr. Payen might be released to his native State of New York under suitable release conditions; and 2) that Payen is directed to cooperate with employees involved in the assessment process with the understanding that his failure to cooperate will undermine any efforts to return him to New York.

3

Order at 2, *Payen I* (May 10, 2010), ECF No. 21.  On September 22, 2015, the § 4246

court docketed the following entry in *Payen I*:

> The Court has received from the Federal Medical Center, Rochester, MN
> Paul Payen's Annual Risk Assessments (ARA): 1) ARA dated 11/16/2010
> and received 12/27/2010; 2) ARA dated 10/19/2011 and received 2/1/2012;
> 3) ARA dated 10/23/2012 and received 3/25/2013; 4) ARA dated
> 10/29/2013 and received 2/14/2014; 5) ARA dated 10/21/2014 and
> received 3/26/2015.  All reports were forwarded to the U.S. Attorney[']s
> Office and the Federal Public Defender's Office.  All ARA[]s are on file in
> [the] Court's chambers.

Text Only Entry, *Payen I* (Sept. 22, 2015), ECF No. 22.  On January 29, 2016, the § 4246

court entered a *nunc pro tunc* order finding that "Payen is  presently suffering from a

mental disease, namely Schizoaffective Disorder, Bipolar Type, Continuous, as a result

of which his continued release would create a substantial risk of bodily injury to another

person or serious damage to property of another" and recommitting Payen "to the custody

of the Attorney General for hospitalization and treatment pursuant to 18 U.S.C. § 4246."

Order at 1, *Payen I* (Sept. 22, 2015), ECF No. 40.  Payen did not appeal that order.

Payen has remained committed since 2009 and is currently detained at the Federal

Medical Center in Rochester, Minnesota ("FMC-Rochester").

## B.  Habeas Action

Meanwhile, on January 20, 2015, Payen commenced this case by filing a petition

for a writ of habeas corpus pursuant to § 2241.  On February 2, 2015, this Court issued a

Report and Recommendation recommending dismissal of the petition pursuant to Rule 4

of the Rules Governing Section 2254 Cases in the United States District Courts  [Doc.

No. 3].  The Court interpreted the petition as raising two claims against Payen's

4

continued civil commitment: (1) the commitment procedures set forth in 18 U.S.C.

§§ 4246 and 4247 are *per se* unconstitutional; and (2) even if the initial decision to detain

him was lawful, there is no lawful basis to continue detaining him at FMC-Rochester.

(R. & R. at 2, 3, Feb. 2, 2015 [Doc. No. 3].)  The Court concluded the first claim was

foreclosed by the case law of this circuit, namely *Archuleta v. Hedrick*, 365 F.3d 644, 648

(8th Cir. 2004), and the second claim was precluded by the alternative statutory remedy

provided by 18 U.S.C. § 4247(h), also under *Archuleta*.  (R. & R. at 3-4.)

Payen did not object or otherwise respond to the R. & R.  The Honorable John R.

Tunheim, Chief United States District Judge, adopted the R. & R., denied the petition,

and dismissed the case.  (Order at 1, Feb. 27, 2015.)  Payen appealed.

In an opinion dated July 29, 2015, the Eighth Circuit Court of Appeals affirmed in

part and reversed in part the dismissal.  *Payen v. Jett*, 610 F. App'x 594, 596 (8th Cir.

2015) ("*Payen II*").  The court specifically noted that, as of the date the opinion was

issued, nothing in the *Payen I* "record indicates whether the assessment was thereafter

conducted, or whether a court later recommitted Payen beyond the assessment period."

*Id.* at 594.

> Specifically, we are unable to discern from the record whether, subsequent
> to the May 2010 order, a court determined that Payen's continued release
> would create a substantial risk and ordered that he be recommitted beyond
> the assessment period.  Thus, it is unclear whether Payen is currently
> committed pursuant to any court order.  *See* 18 U.S.C. § 4246(f) (setting
> forth procedure for revocation of conditional discharge; court shall, after
> hearing, determine whether person should be remanded to suitable facility
> on ground that, in light of his failure to comply with prescribed regimen of
> care or treatment, his continued release would create substantial risk of
> bodily injury to another person or serious damage to property of another).

*Id.* at 594 n.1.

The Eighth Circuit "disagree[d] with the conclusion that Payen was precluded from bringing a habeas claim—for which the warden would be the proper respondent—challenging his continued confinement and seeking a hearing on that basis." *Id.* at 595-96.  The court clarified that §§ 4247(g) and 4246 do not preclude an individual from challenging the legality of his commitment through a habeas corpus proceeding, and § 2241(c)(3) permits a federal district court to consider a claim that an individual is in custody in violation of the Constitution or other federal law.  *Id.* at 596.  The court therefore reversed the dismissal of "Payen's claim against the warden challenging his continued confinement and seeking a hearing on that basis" and remanded the case for further proceedings.  *Id.* at 596.

After the mandate issued, this Court ordered Respondents to answer the habeas petition, which they did on November 6, 2015 [Doc. No. 25].  Respondents filed a corrected response on November 9, 2015 [Doc. No. 29].  On November 25, 2015, Payen filed an appeal [Doc. No. 30], which was dismissed for lack of jurisdiction on January 11, 2016 [Doc. No. 34].  After the mandate issued on March 7, 2016 [Doc. No. 37], the Court permitted Payen to file a reply to the corrected response by March 31, 2016 [Doc. No. 38].  Payen did not file a reply or any other submission.  Payen's petition is now before the Court to determine whether his continued commitment is unconstitutional or otherwise violates federal law so as to warrant habeas relief pursuant to § 2241.

## II.     Discussion

Payen's petition is "largely incoherent."  *Payen II*, 610 F. App'x at 594.  Affording the petition a liberal construction, it appears that Payen is challenging the constitutionality of his initial commitment, revocation proceedings, and treatment with involuntary medication, as well as additional collateral issues.  To the extent those issues exceed the scope of the Eighth Circuit's remand, they have been dismissed.  *Payen II*, 610 F. App'x at 594-96 (affirming dismissal of Payen's constitutional challenge to the statutory bases for his civil confinement and Payen's conditions-of-confinement claim concerning the forcible administration of medication).  To the extent those issues relate to Payen's challenge to his continued confinement, they are addressed in the following discussion.

### A.     Applicable Statutes and *Archuleta*

Section 4246 allows for the commitment and hospitalization of a person in the custody of the Bureau of Prisons whose custody will soon expire, but who "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another."  18 U.S.C. § 4246(a), (d).  If the State in which the person was domiciled or tried refuses to assume responsibility for the individual, the Attorney General

> shall hospitalize the person for treatment in a suitable facility, until
>
> (1) such a State will assume such responsibility; or
>
> (2) the person's mental condition is such that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would not create a substantial risk of bodily injury to another person or serious damage to property of another;

7

whichever is earlier.  The Attorney General shall continue periodically to
exert all reasonable efforts to cause such a State to assume such
responsibility for the person's custody, care, and treatment.

18 U.S.C. § 4246(d).

When an individual "has recovered from his mental disease or defect to such an

extent that his release would no longer create a substantial risk of bodily injury to another

person or serious damage to property of another," he may be discharged from the facility.

18 U.S.C. § 4246(e).  The court may order a "conditional release under a prescribed

regimen of medical, psychiatric, or psychological care or treatment."  18 U.S.C.

§ 4246(e)(2).  If an individual released on conditions fails to comply with the prescribed

regimen, he may be arrested, taken before the court that released him, and after a hearing,

"remanded to a suitable facility on the ground that, in light of his failure to comply with

the prescribed regimen . . ., his continued release would create a substantial risk of bodily

injury to another person or serious damage to property of another."  18 U.S.C. § 4246(f).

An individual may be entitled to habeas relief pursuant to § 2241 if his custody

violates "the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

"Nothing contained in section 4243, 4246, or 4248 precludes a person who is committed

under either of such sections from establishing by writ of habeas corpus the illegality of his

detention."  18 U.S.C. § 4247(g).  Thus, a claim for conditional or unconditional release

under § 4246 is "a cognizable claim" under § 2241.  *See Archuleta*, 365 F.3d at 648 (finding

claim for release under § 4243 "a cognizable claim, because 28 U.S.C. § 2241(c)(3)

authorizes the habeas court to determine whether  the petitioner 'is in custody in violation of

the Constitution *or laws* of treaties of the United States.'") (emphasis in *Archuleta*).  Thus,

an individual in federal custody pursuant to an order of commitment may challenge the

legality of his confinement by filing a § 2241 habeas petition in the judicial district where he

is confined.  *See Archuleta*, 365 F.3d at 647-48.

However, "habeas corpus is an extraordinary remedy typically available only when

'the petitioner has no other remedy.'"  *Archuleta*, 365 F.3d at 648 (8th Cir. 2004) (quoting

*Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir. 2002)).  In *Archuleta*, the Eighth Circuit

described § 4247(h) as "expressly provid[ing] a procedure for the remedy" of "conditional

or unconditional release."  *Archuleta*, 365 F.3d at 648.  Under § 4247(h), an attorney or

guardian of a person committed under § 4246 "may, at any time during such person's

commitment, file with the court that ordered the commitment a motion for a hearing to

determine whether the person should be discharged from such facility."  28 U.S.C.

§ 4247(h).  Because Archuleta was "in custody by reason of a commitment order issued by

the District of Utah[,] [o]nly that court, not the Warden of FMC Springfield, may grant the

statutory relief he seeks, either conditional or unconditional release."  *Archuleta*, 365 F.3d at

649.  The Eighth Circuit therefore remanded the case and directed that it be transferred to

the District of Utah.  *Id.*

In the case at hand, Payen asks for habeas relief in the form of an unconditional

release, as well as an evidentiary hearing.  (Pet. at 2 [Doc. No. 1].)  If Payen "is in custody

by reason of a commitment order issued" by the § 4246 court, under *Archuleta*, "[o]nly that

court, not the Warden . . ., may grant the statutory relief he seeks."  *See Archuleta*, 365 F.3d

at 649.  The Eighth Circuit has explicitly tasked this Court with determining whether

Payen's continued confinement entitles him to habeas relief pursuant to § 2241, presumably because of the Eighth Circuit's concern that Payen may not currently be committed pursuant to any court order.  In light of *Archuleta* and the guidance offered by the Eighth Circuit, the Court interprets the scope of the remand as allowing Payen to challenge his continued confinement in the absence of a valid order of commitment.  *See Payen II*, 610 F. App'x at 594 n.1 ("Specifically, we are unable to discern from the record whether, subsequent to the May 2010 order, a court determined that Payen's continued release would create a substantial risk and ordered that he be recommitted beyond the assessment period.  Thus, it is unclear whether Payen is currently committed pursuant to any court order.").  The Court does not interpret *Payen II* as creating parallel avenues for relief through § 4247 and § 2241. That broader reading would be foreclosed under *Archuleta*.

### B.      Payen Is Currently Committed Pursuant to a Valid Court Order

A court may revoke the conditional release of an individual under § 4246(e)(2) when the individual fails to comply with the prescribed treatment regimen and his continued release would create a substantial risk of bodily injury to another.  18 U.S.C. § 4246(f); *see United States v. Franklin*, 435 F.3d 885, 890 (8th Cir. 2006).

Payen disputes the § 4246 court's finding in 2009 that he violated the terms of his conditional release.  One of the conditions of Payen's release was supervision "by the United States Probation Office to ensure compliance with the conditions of release.  Any changes in mental health service providers or residence must be approved by the assigned U.S. Probation Officer."  (Boldt Decl. Attach. 10.)  The § 4246 court clearly found that Payen violated this condition when Payen rescinded the authorization for the release of

10

medical information from his treatment provider to his probation officer and absconded

from supervision.  Payen also admitted he violated his conditions of release.  The § 4246

court's determination that Payen violated the terms of his conditional release did not

violate § 4246(f), the Constitution, or other federal law.

After finding that Payen violated the terms of his conditional release, the § 4246

court ordered the Attorney General to determine if Payen's continued release from

confinement would create a substantial risk of bodily injury to another person or serious

property damage.  The resulting evaluation by the Attorney General concluded that Payen

suffered from a major mental disease or defect and opined that he would continue to pose

a substantial risk of bodily injury or serious property damage to others if he were

unconditionally released from custody.  The evaluation was provided to the § 4246 court

on October 27, 2009.  These actions and events were fully consistent with the

requirements of § 4246(f) and did not violate the Constitution or other federal law.

In the subsequent order issued in May 2010 by the § 4246 court, the court stated

that the Attorney General had completed the evaluation and that the court had reviewed

the resulting report.  The court then ordered the Attorney General to conduct an

assessment of the continuing need for inpatient treatment pursuant to §§ 4246 and 4247

to determine if Payen met the conditions for discharge.

Although the May 2010 order did not include an explicit, formal finding of

substantial risk, the § 4246 court made clear in the January 2016 *nunc pro tunc* order that

its intent in issuing the May 2010 order was to (1) find that Payen was suffering from a

mental disease, such that his continued release would create a substantial risk of bodily

11

injury to another person or serious property damage; and (2) recommit Payen for continued hospitalization and treatment pursuant to § 4246.  That intent is consistent with the facts recounted in the May 2010 order that the Attorney General had completed the evaluation and submitted the report and that the § 4246 court had reviewed the report. That intent is also consistent with the findings and opinion expressed in the October 2009 risk assessment report, and with the court's direction in the May 2010 order to the Attorney General to assess the continuing need for treatment pursuant to 18 U.S.C. §§ 4246 and 4247.  The § 4246 court's reference to those statutes is consistent with a determination that Payen should be recommitted to a suitable facility because, due to his failure to comply with prescribed treatment, "his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another."  *See* 18 U.S.C. § 4246(f).

"The function of a nunc pro tunc order is to correct clerical or ministerial errors, including typographical errors, or to reduce an oral or written opinion to judgment; the function is not to make substantive changes affecting a party's rights."  *United States v. Suarez-Perez*, 484 F.3d 537, 541 (8th Cir. 2007).  The phrase itself "is merely descriptive of the inherent power of the court to make its records speak the truth-to record that which was actually done, but omitted to be recorded.  It is no warrant for the entry of an order to record that which was omitted to be done."  *W.F. Sebel Co. v. Hessee*, 214 F.2d 459, 462 (10th Cir. 1954) (*quoted in Suarez-Perez*, 484 F.3d at 541).

In Payen's case, the October 2009 risk assessment report concluded that Payen suffered from a major mental disease or defect and opined that he would continue to pose

12

a substantial risk of bodily injury or serious property damage to others if he were unconditionally released from custody.  The report was provided to and considered by the § 4246 court before the May 2010 order was issued.  Nothing in the May 2010 order was inconsistent with the report.  It is clear from the proceedings in *Payen I* that the function of the January 2016 nunc pro tunc order was not to make substantive changes but to reflect that which was actually considered and done.  Notably, Payen did not appeal the nunc pro tunc order in *Payen I* or so much as mention the order in this proceeding, despite the Court's order permitting him to file a reply.  The Court finds that the issuance of the *nunc pro tunc* order did not violate Payen's constitutional rights or other federal law so as to entitle him to habeas relief.

The Court concludes that the § 4246 court satisfied the statutory requirements for revocation of conditional release under § 4246(f) and that Payen is currently committed pursuant to a valid court order.  Consequently, his continued confinement does not violate the Constitution or other federal law so as to warrant § 2241 relief.

### C.    The Length of Payen's Commitment

Payen challenges the legality of his commitment as exceeding the maximum term of imprisonment for his underlying offense.   Relatedly, he argues there should be a limit on the length of his commitment.  The Court will address these arguments to the extent they fall within the scope of the remand of *Payen II*.

Payen's case authority, *Royal v. Settle*, 192 F. Supp. 176, 178 (W.D. Mo. 1959), and *Martin v. Settle*, 192 F. Supp. 156 (W.D. Mo. 1961), preceded the current version of § 4246. Before 1984, § 4246 provided for the commitment of an accused person until the person

was mentally competent to stand trial.  *See Johnston v. Ciccone*, 260 F. Supp. 553, 554-55

(W.D. Mo. 1966).  That pretrial commitment provision is now contained in § 4241.

The current version of § 4246, by contrast, authorizes civil commitment whenever

"the court finds by clear and convincing evidence that the person is presently suffering from

a mental disease or defect as a result of which his release would create a substantial risk of

bodily injury to another person or serious damage to property of another," until "the

person's mental condition is such that his release, or his conditional release . . . would not

create a substantial risk of bodily injury to another person or serious damage to property of

another."  18 U.S.C. § 4246(d), (d)(2).  Section 4246 does not limit the length of the

commitment, and the constitutionality of the statute's authorization for indefinite

commitment is well-established.  *United States v. Sahhar*, 56 F.3d 1026, 1029-30 (9th Cir.

1995); *see United States v. Payne*, 623 F. App'x 829, 829 (8th Cir. 2015) (stating § 4246

"permits indefinite hospitalization"); *United States v. Pettaway*, 796 F.3d 987, 987 (8th Cir.

2015) (same).  Periodic review of the commitment satisfies due process.  *See United States

v. Evanoff*, 10 F.3d 559, 563 (8th Cir. 1993) ("Involuntary commitment under the terms of

section 4246 does not violate due process," because even though the commitment is

"indefinite," the facility in which the individual is hospitalized must submit annual reports

concerning his mental condition and continued need for hospitalization); *see also Jones v.

United States*, 463 U.S. 354, 368 (1983); *Sahhar*, 56 F.3d at 1029.

In *Payen I*, annual risk assessment reports were conducted and submitted to the

§ 4246 court as required by 18 U.S.C. § 4247.  The § 4246 court has determined that Payen

is presently suffering from a mental disease, which, if he were released, would create a

14

substantial risk of bodily injury to another person or serious damage to the property of

another.  In light of the May 2010 and January 2016 orders and the periodic review of

Payen's commitment, the Court concludes that the length of Payen's commitment does not

violate the Constitution or other federal law.

### D.    *Miranda* and the Fifth Amendment Privilege Against Self-Incrimination Did Not Apply to the § 4246 Revocation Proceedings

Payen argues that he did not receive a *Miranda* warning during the § 4246

revocation proceedings and was compelled to incriminate himself in violation of the Fifth

Amendment.  The Fifth Amendment privilege against self-incrimination and *Miranda*

advisory requirements do not apply to civil commitment proceedings.  *See Allen v.*

*Illinois*, 478 U.S. 364, 375 (1986).  Consequently, Payen's argument is without merit.

### E.    The Speedy Trial Clause and Speedy Trial Act Did Not Apply to the § 4246 Revocation Proceedings

Payen argues his § 4246 proceeding violated the Speedy Trial Act and Sixth

Amendment.  As with *Miranda* and the Fifth Amendment privilege against self-

incrimination, however, the Sixth Amendment speedy trial provision and the Speedy

Trial Act apply only to criminal proceedings, not civil commitment proceedings.  *See*

U.S. Const. amend VI ("In all *criminal prosecutions*, the accused shall enjoy the right to

a speedy and public trial . . . .") (emphasis added); *United States v. Commey*, 452 F.

App'x 21, 23 (2d Cir. 2011) (finding speedy trial provision inapplicable to civil

commitment proceeding); *United States v. Perry*, 788 F.2d 100, 118 (3d Cir. 1986)

("The speedy trial clause deals with the timeliness of criminal prosecutions, not civil

commitment proceedings."); *Foy v. Jett*, No. 14-cv-5063 (JNE/LIB), 2015 WL 439556,

at *1 n.3 (D. Minn. Jan. 16, 2015); *cf. United States v. Perez-Perez*, 337 F.3d 990, 997

(8th Cir. 2003) (stating "[c]ivil deportation proceedings do not trigger the criminal rules

of procedure" and citing cases holding that the Speedy Trial Act does not apply to INS

proceedings); *United States v. Pasillas-Castanon*, 525 F.3d 994, 997 (10th Cir. 2008)

(noting most courts do not apply Speedy Trial Act language to civil detentions and citing

cases).  Consequently, this claim cannot found a basis for habeas relief under § 2241.

### F.    Payen Was Appropriately Transferred to RMC Rochester

To the extent Payen's petition could be construed to bring a claim that he should

not have been transferred from New York to Minnesota for revocation of conditional

release proceedings, his challenge is foreclosed by § 4246(f).  That statute expressly

permits that upon notice of an individual's failure to comply with the terms of conditional

release, "the person may be arrested, and upon arrest, shall be taken without unnecessary

delay before the court having jurisdiction over him." 18 U.S.C. § 4246(f).  Payen was

lawfully transferred to the District of Minnesota, where the § 4246 court had jurisdiction

over him, after he was arrested for violating the terms of his conditional release.

### G.    An Evidentiary Hearing Is Not Warranted or Necessary

Payen requests an evidentiary hearing pursuant to 28 U.S.C. § 2243.  Ordinarily, a

federal court must grant an evidentiary hearing in a habeas proceeding when there are

genuine factual disputes.  *Kendrick v. Carlson*, 995 F.2d 1440, 1446 (8th Cir. 1993);

*Ruiz v. Norris*, 71 F.3d 1404, 1406 (8th Cir. 1995).  There are no such factual disputes

here, however.  In addition, a court may dismiss a petition without holding a hearing

when "the dispute can be resolved on the basis of the record." *Amos v. State*, 849 F.2d

16

1070, 1072 (8th Cir. 1988).  The disputes raised by Payen's petition, as defined and

narrowed by *Payen II*, may be resolved on the existing record.  Thus, an evidentiary

hearing is not warranted or necessary.

**III.    Recommendation**

Payen's continuing commitment does not violate the Constitution or other federal

law.  Accordingly, the petition should be denied and the case dismissed.


Based on all the files, records, and proceedings herein **IT IS HEREBY**

**RECOMMENDED** that:

1.     Paul Payen's petition for a writ of habeas corpus [Doc. No. 1] be **DENIED**

and the case be **DISMISSED**;

2.     All Respondents other than B.R. Jett be **DISMISSED**; and

3.     FMC-Rochester Warden Leann LaRiva be substituted for B.R. Jett as the

sole remaining Respondent.


Dated: May 16, 2016                    s/ *Hildy Bowbeer*
                                       HILDY BOWBEER
                                       United States Magistrate Judge


**NOTICE**


**Filing Objections:** This Report and Recommendation is not an order or judgment of the
District Court and is therefore not appealable directly to the Eighth Circuit Court of
Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written
objections to a magistrate judge's proposed finding and recommendations within 14 days

after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.